**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 21 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DANIEL MAHONEY, | No. 09-35847 |
| Plaintiff - Appellant, | D.C. No. 3:06-cv-00070-TMB |
| v. | |
| BRYAN BARLOW, in his individual capacity; ANDY DEVEAUX, in his individual capacity, | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Alaska
Timothy M. Burgess, District Judge, Presiding

Argued May 5, 2011; Resubmitted September 9, 2011
Anchorage, Alaska

Before: ALARCÓN, GRABER, and BYBEE, Circuit Judges.

Plaintiff Daniel Mahoney appeals the district court's grant of partial

summary judgment to Defendants, State Trooper Bryan Barlow and Officer Andy

DeVeaux, on his 42 U.S.C. § 1983 claims for violations of his Fourth Amendment

rights.

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

1. We review de novo a grant of summary judgment. <u>Alexander Mfg., Inc. Emp. Stock Ownership Plan & Trust v. Ill. Union Ins. Co.</u>, 560 F.3d 984, 986 (9th Cir. 2009). The district court properly granted summary judgment on Plaintiff's claims for false arrest and false imprisonment because, relying on the information provided by Plaintiff's wife during her 911 call, the officers had probable cause to arrest Plaintiff for assault in the fourth degree when they first encountered him. <u>See</u> <u>United States v. Lopez</u>, 482 F.3d 1067, 1072 (9th Cir. 2007) ("Probable cause to arrest exists when officers have knowledge or reasonably trustworthy information sufficient to lead a person of reasonable caution to believe that an offense has been or is being committed by the person being arrested.").

2. We review the formulation of jury instructions for abuse of discretion. <u>See</u> <u>Gilbrook v. City of Westminster</u>, 177 F.3d 839, 860 (9th Cir. 1999) (distinguishing between the usual standard of review for jury instructions and the standard applicable when instructions are challenged for misstating the law). The district court properly instructed the jury regarding its previous rulings on summary judgment. The court clearly stated that the issue for the jury was whether the officers had used <u>excessive</u> force. The court's statement that it already had determined that Defendants were entitled to use <u>reasonable</u> force did not mislead or unduly prejudice the jury.

3. We also review for abuse of discretion a district court's response to a question from the jury. United States v. Romero-Avila, 210 F.3d 1017, 1024 (9th Cir. 2000). The district court did not abuse its discretion when responding to the jury's questions. Reiterating the original instructions properly refocused the jury's attention on the one relevant issue: whether Defendants had used excessive force.

4. The district court abused its discretion by awarding attorney fees to Defendants under 42 U.S.C. § 1988, because Plaintiff's excessive force claim was not frivolous. See Hughes v. Rowe, 449 U.S. 5, 15 (1980) (per curiam) (noting that, under the statute, a defendant may recover attorney fees from a § 1983 plaintiff only if the claim is frivolous, unreasonable, groundless, or prolonged after becoming so). Defendants stipulated that the excessive force claim was not suitable for summary judgment, and the court allowed the claim to proceed to trial. There was an issue of fact as to when and how Plaintiff's shoulder was dislocated; Plaintiff had corrected an inconsistency in his statements before the court considered, and rejected, Defendants' summary judgment motion. Thus, Plaintiff did not, as tacitly suggested by the district court and explicitly alleged by Defendants, alter his testimony in response to the court's summary judgment ruling.

5.  Alaska Rule of Civil Procedure 82(a) entitles the prevailing party in a civil case to recover attorney fees.  When, as here, the case goes to trial and the prevailing party recovers no money damages, the prevailing party is entitled to 30% of reasonable fees that were necessarily incurred.  Id. R. 82(b)(2).  A court may increase the award due to enumerated factors, including the reasonableness of the claim and any vexatious conduct.  Id. R. 82(b)(3).

The district court permissibly apportioned half the fees to the federal claim and half to the state-law claim.  But the court awarded each Defendant 50% of his fees, rather than 30%, because the court found that the claim was vexatious or in bad faith.  The court clearly erred in making that finding, for the reasons discussed above.

Award of attorney fees on the § 1983 claim VACATED; award of attorney fees on the state-law claim VACATED AND REMANDED with instructions to enter an award of 30% of reasonable fees incurred on that claim; otherwise AFFIRMED.  The parties shall bear their own costs on appeal.